IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–1572–EWN–CBS

STEPHEN JARAMILLO,

    Applicant,

v.

DONICE NEAL, Warden C.M.C. and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER CONCERNING MAGISTRATE JUDGE'S RECOMMENDATION**

This matter is before the court on the "Recommendation of United States Magistrate Judge" filed April 22, 2004. The recommendation is that the prisoner's petition for a writ of habeas corpus be denied and the case dismissed, for two reasons. First, the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided on June 26, 2000, does not apply retroactively. Second, even if it did, there was no violation of *Apprendi*.

Petitioner has objected to the recommendation. First, he argues that he is not asking for retroactive application of *Apprendi*. He explains that he is challenging the *re-sentencing* which occurred on August 28, 2000, not the original sentence imposed on October 16, 1995. He relies primarily on an unpublished order entered in this case by the United States Court of Appeals for the Tenth Circuit. *See Jaramillo v. Neal*, Case No. 03–1389, Order (10th Cir. Oct. 20, 2003) (unpublished) (filed in this court's file on October 21, 2003). The matter was before the Tenth

Circuit because Judge Zita L. Weinshienk of this court had transferred it to the circuit as a possible second habeas petition, which by statute must be so transferred for an initial determination as to whether a petitioner should be authorized to file in the district court. *See* 28 U.S.C. § 2244(b)(3) (2005); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997). Relying on *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997), the Tenth Circuit said that this is not a successive petition because Petitioner is challenging the "newly imposed sentence [of August 28, 2000], contending that it was entered in violation of his due process rights." The court agrees with Petitioner's objection. The Tenth Circuit's Order of October 20, 2003 is the law of this case. *See* 10th Cir. R. 36.3 (unpublished orders not binding precedent except under doctrines of law of the case, res judicata, and collateral estoppel). Petitioner is challenging the new sentence which he received on August 28, 2000, two months after *Apprendi* was decided. There is nothing retroactive about this.

The magistrate judge relied on *Dahler v. United States*, 259 F.3d 763, 765 (7th Cir. 2001) to reason that Petitioner is really attacking his 1995 conviction and thus seeking an impermissible retroactive application of *Apprendi*. *Dahler* is distinguishable and does not support the magistrate judge's recommendation. First, *Dahler* dealt with the question of whether the petition presented was a second or successive one, a matter which the Tenth Circuit has already settled in Petitioner's favor as the law of this case. Second, both of the successive sentencings involved in *Dahler* had occurred before *Apprendi* was decided, and collateral application of *Apprendi* to either proceeding would have been retroactive. *Dahler* was a paradigm of the "abuse of the writ" doctrine. This case is not.

Petitioner also objects the magistrate judge's alternate conclusion that the sentence which

he received on August 28, 2000, did not violate *Apprendi*. The court believes that Petitioner misunderstands *Apprendi*. As Petitioner recognizes, he entered a plea of guilty to a single charge of violating Colo. Rev. Stat. § 18–3–203 (1)(b) (2005):

> (1) A person commits the crime of assault in the second degree if:
> . . .
> b) With intent to cause bodily injury to another person, he or she causes such injury to any person by means of a deadly weapon.

Petitioner's plea of guilty waived his right to a jury trial, at which, under *Apprendi*, the People would have been required to prove each element of this crime beyond a reasonable doubt. There was no violation of *Apprendi* here because, contrary to Petitioner's apparent suggestion, no *additional* fact finding (by anyone) was necessary for imposition of a twelve-year sentence. The penalty provisions for violation of section 18–3–203(1)(b), rather, are found by following a looping series of cross-references. Section 18–3–203(2)(c) provides that "[i]f a defendant is convicted of assault in the second degree pursuant to paragraph (b) . . . of subsection (1) of this section[,] . . . the court shall sentence defendant in accordance with the provisions of section 18–1.3–406." Section 18–1.3–406, in turn, provides that any person convicted of a crime of violence (including, by definition, second degree assault by means of a deadly weapon, *see* Colo. Rev. Stat. § 18–1.3–406[2][a]) "shall be sentenced pursuant to the provisions of section 18–1.3–401(8) to . . . a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense in section 18–1.3–401(10)." The "presumptive range" found in section 18–1.3–401(10), in turn, depends on the classification of the felony. Second degree assault by means of a deadly weapon is a class 4 felony. *See* Colo. Rev. Stat. § 18–3–203(2)(b). While the usual presumptive range for a class 4 felony is two to six

years imprisonment, *see* Colo. Rev. Stat § 18–1.3–401(1)(a)IV), second degree assault by means of a deadly weapon is (as noted above) a "crime of violence." Therefore, the maximum sentence in the presumptive range for this class 4 felony is increased by two years, *see* Colo. Rev. Stat. § 18–1.3–401(10), so the maximum of the presumptive range becomes eight years. "[N]ot more than twice the maximum," Colo. Rev. Stat. § 18–1.3–401(8)(a)(I), is sixteen years. Thus, a twelve-year sentence was legal. While this series of cross-references is tortuous and confusing, nowhere is there any requirement for fact-finding beyond that required for the basic offense to which Petitioner entered a guilty plea. The court perceives no violation of *Apprendi*.

Petitioner resists this conclusion by pointing out that Colo. Rev. Stat. § 18–1.3–406(3), which includes the crime of second degree assault with a deadly weapon within the definition of a "crime of violence," specifies that "the . . . information shall so allege in a separate count, even though the use . . . of such deadly weapon . . . is not an element of the crime charged." Petitioner argues that failure to include a second count here somehow violated *Apprendi*. The argument fails, for two reasons. First, the court does not interpret this provision as requiring a separate count where all the elements of a "crime of violence" are contained as elements of the crime charged — the situation here. It requires a separate count only in those instances where the crime charged is not itself a crime of violence and becomes so only when a deadly weapon is used or serious bodily injury results. Second, to the extent that Petitioner is raising a claim that he did not receive adequate notice of the possible penalties because of the absence of a second count, that argument rings hollow here. Petitioner was sentenced in 1995 under the "crime of violence" provisions of section 18–1.3–406 and thereby had notice when re-sentenced in 2000 that he could be sentenced under those same provisions.

Upon the foregoing findings and conclusions, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED, in part, and REJECTED, in part, as specified herein.

2. The petition for a writ of habeas corpus is DENIED and the case is DISMISSED..

3. All other pending motions are DENIED as moot.

DATED this 7th day of December, 2005.

                                            BY THE COURT:

                                            s/ Edward W. Nottingham
                                            EDWARD W. NOTTINGHAM
                                            United States District Judge